**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

VLADIMIR SAYKIN

v. C.A. NO. 07-182-ML

DONALD W. WYATT
DETENTION FACILITY

**MEMORANDUM OF LAW IN SUPPORT OF DR. JOHN RIEDEL AND CORNELL CORRECTIONS OF R.I., INC.'S MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT**

Dr. John Riedel (hereinafter "Dr. Riedel") and Cornell Corrections of R.I., Inc. (hereinafter "Cornell") request that this Honorable Court dismiss the Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12. As grounds, Dr. Riedel and Cornell state that the Plaintiff has only named the Donald W. Wyatt Detention Facility as a defendant, which is not a legal entity against which suit can be asserted. Furthermore, there was insufficient service of process with respect to Dr. Riedel. Finally, the Plaintiff has failed to state a claim upon which relief can be granted.

## I. BACKGROUND

Plaintiff, Vladimir Saykin, is a detainee lawfully confined to the Donald W. Wyatt Detention Facility in Central Falls, Rhode Island ("Wyatt"). Plaintiff filed his original complaint on or about May 21, 2007 naming the Donald W. Wyatt Detention Facility as the sole defendant. Summonses and copies of the complaint were not served within the 120 days required by Fed.R.Civ.P. 4(m), and as a consequence, the Plaintiff was ordered by this Court to show cause why his complaint should not be dismissed for failure to effectuate service. See, Order to Show Cause, dated October 26, 2007. The Plaintiff satisfied this show cause requirement and was further ordered by this Court to effectuate service on or before December 6, 2007. See, Order extending time to effect service, dated November 6, 2007.

Pursuant to this order, the Plaintiff served a summons and copy of the complaint on Dr. Riedel at his office at 520 East Avenue in Pawtucket, Rhode Island on November 16, 2007. The Plaintiff also apparently served a summons and copy of the complaint on CT Corporation System, as registered agent for Cornell, on November 30, 2007.

In his complaint, the Plaintiff alleges, among others, that he does not have access to television; does not have access to books or newspapers in his language; has been denied medical coverage; is unable to make telephone calls to his family; has been misidentified as an inmate, rather than as a detainee; and was denied access to an attorney to represent him in immigration court. See, Complaint at p. 3, § IV. The Plaintiff does not name any particular individual in his Complaint, nor are there allegations against any individual parties in the Complaint. As a remedy for the alleged wrong-doing of the Donald W. Wyatt Detention Facility, the Plaintiff seeks access to books and newspapers in his language, a translator and $3 million in damages. See, Complaint, at p. 3, §5.

## II. ARGUMENT

### A. The Plaintiff's claims must be dismissed because the Donald W. Wyatt Detention Facility is not a legal entity that can be sued

This Court has previously held that the Donald W. Wyatt Detention Facility is no more than the name of a building and is not a legal entity that can be sued. Sarro v. Cornell Corrections, Inc., 248 F.Supp.2d 52, 64 (adopting Magistrate Judge's Report and Recommendation finding that the Wyatt facility is a building that cannot be sued).

> A civil action can be maintained only against the legal person, i.e. a natural person or an artificial or quasi artificial person, a non-entity is incapable of suing or being sued. Where a suit is brought against an entity which is legally non-existent, the proceeding is *void ab initio* and its invalidity can be called to the attention of the court at any stage of the proceeding.

Oliver v. Swiss Club Tell, 222 Cal.App.2d 528, 537-38 (Cal.App.Ct. 1963) (citations omitted). "If a defendant in a lawsuit is not an actual entity, then any judgment rendered against that entity is void." Patterson v. V&M Autobody, 589 N.E.2d 1306, 1309 (Ohio 1992) (holding that suit naming sole proprietorship only was properly dismissed as sole proprietorship has no legal identity separate from the individual that owns it.) *See also* Jenkins v. The Estate of Nicholas A. Thomas, 800 P.2d 1358, 1359 (Col.App.Ct. 1990) (holding that actions may only be brought against legal entities to whom judgment may be awarded or against whom they may be enforced.)

Where an action should have been brought against a separate and distinct entity other than the one named as a defendant, there is no misnomer. "Rather, there is a mistake in identity and the wrong party is under no obligation to correct that mistake." Matsushita Electric Corporation of America v. McAllen Copy Data Inc., 815 F.Supp.2d 850, 852 (Texas App. Ct. 1991). The effect of naming and serving the wrong defendant who may be related to the correct defendant may toll the statute of limitation, but that misnomer party does not act to substitute the correct defendant for the incorrect one. Daca Inc. v. Commonwealth Land Title and Insurance Company, 822 S.W.2d 360, 363 (Tex.App.Ct. 1993); *see also* Lewis v. The West Side Trust and Savings Bank, 36 N.E.2d 573, 574-75 (a plaintiff cannot give the court jurisdiction over the person by having service of a Summons and Complaint made upon that person when they are not named as a defendant in the Complaint).

Here, the only defendant named in the Plaintiff's Complaint is the Donald W. Wyatt Detention Facility. As stated that is simply the name of the building in which the plaintiff was incarcerated. It is not a legal entity of any kind. It is not a corporation or an association of any

kind. Thus, the plaintiff's claims against the facility are void. Accordingly, the claims against The Donald W. Wyatt Detention Facility should be dismissed.

### B. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED WITH RESPECT TO DR. RIEDEL DUE TO THE PLAINTIFF'S FAILURE TO NAME DR. RIEDEL AS A DEFENDANT

Federal Rule of Civil Procedure 3 states: "A civil action is commenced by filing a complaint with the court." Fed.R.Civ.P. 3. A District Court lacks personal jurisdiction over an individual unless a complaint has been filed with the Court with respect to that individual. P.K. Family Restaurant v. Internal Revenue Service, 535 F.Supp. 1223, 1224 (N.D.Ohio 1982). As noted above, the sole defendant named in the Plaintiff's Complaint is the Donald W. Wyatt Detention Facility. Although a copy of the Complaint was delivered to Dr. Riedel, the Plaintiff cannot confer personal jurisdiction over Dr. Riedel to the Court "by having service of the summons made upon a party not named therein." Lewis v. West Side Trust & Savings Bank, 36 N.E.2d 573, 575 (Ill. 1941). Moreover, a court cannot render a judgment against or otherwise assert jurisdiction over a party that is not before the court. Daca, Inc. v. Commonwealth Land Title Ins. Co., 822 S.W.2d 360. 363 (Tex. App. Ct. 1992). This Court, therefore, lacks jurisdiction over Dr. Riedel because he has not been named as a defendant in this case. Accordingly, to the extent that there are any claims against Dr. Riedel, they should be dismissed.[1]

[1] Well after the Complaint had been filed, the Plaintiff provided this Court handwritten letters that provide additional information. Although these letters reference certain individuals, including Dr. Riedel, the Plaintiff has failed to name any of these individuals as Defendants in the present action. Thus, this Court has no jurisdiction over these individuals for the reasons set forth above.

### C. PLAINTIFF'S BIVENS CLAIMS MUST FAIL AS THERE IS NO *RESPONDEAT SUPERIOR* LIABILITY UNDER BIVENS

The Plaintiff is a federal detainee being held by Immigration and Customs Enforcement (ICE). See, Complaint at p.2, §3; p.3, § 4. The Plaintiff contends, *inter alia*, that he has been denied access to television; does not have access to books or newspapers in his language; has been denied medical coverage; is unable to make telephone calls to his family; has been misidentified as an inmate, rather than as a detainee; and was denied access to an attorney to represent him in immigration court during his detention at the Donald W. Wyatt Detention Facility. See, Complaint at p. 3, § IV. This Court, in Sarro, concluded that the federal nature of the Plaintiff's detention is sufficient to make his claims fall under the guise of Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Sarro, 248 F.Supp.2d at 61. These claims must fail, however, because has not named any individual actors as defendants in this matter.[2]

Any claims brought under Bivens must fail because such claims cannot be predicated upon the doctrine of *respondeat superior*. Monell v. Department of Social Services, 436 U.S. 658, 690-92 (1978) (holding no *respondeat superior* liability available under § 1983); Rodrigues v. Cartagena, 822 F.2d 553, 562 (1st Cir. 1989) (same); Jett v. Dallas Independent School District, 491 U.S. 701, 731-737 (1989) (holding no *respondeat superior* liability available under §§ 1981 or 1988 because the damages remedies available under those sections are confined to the remedies available under § 1983); Pandy v. Freedman, 1995 U.S. App. Lexis 27529 *7 (1st Cir. 1995) (no supervisory liability on Bivens claims).

[2] As noted above, in his letters to the Court, Plaintiff identified several individuals, who have not been named as Defendants in this matter and described conduct which postdated the Complaint. Even if these individuals had been named as Defendants, any claims against them for their own conduct would not support Bivens liability as to Cornell under a theory of *respondeat superior* for the reasons stated herein.

A supervisor "may be found liable only on the basis of [his or her] own acts or omissions." Figurello v. Aponte Roque, 864 F.2d 947, 953 (1st Cir. 1989). These acts or omissions must constitute not mere negligence, but amount to a reckless or callous indifference of constitutional rights of others. Daniels v. Williams, 474 U.S. 327 (1986); Germany v. Vance, 868 F.2d 9, 17-18 (1st Cir. 1989). Further, there must be an affirmative link between the constitutional violation and the action or inaction of the supervisory official. Voutour v. Vitale, 761 F.2d 812, 820 (1st Cir. 1985) cert. denied 474 U.S. 1100 (1986).

Moreover, a plaintiff must show that the official believed that his conduct was very likely to result in a constitutional violation to warrant a finding of "arbitrary exercise of the powers of government." Germany v. Vance, 868 F.2d at 18, quoting Daniels v. Williams, 474 U.S. at 331. Similarly, in order to sustain allegations that his conditions of confinement were unconstitutional, the plaintiff must prove that the defendants had a sufficient culpable state of mind of deliberate indifference to the inmate's health and safety. Farmer v. Brennan, 114 S. Ct. 1970, 1977 (1994) (citations omitted). The defendant must know of and disregard an excessive risk to the inmate's health or safety and must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and must also draw that inference. Id. at 1979. Nevertheless, it is possible to "extend liability to those not personally involved in the deprivation of constitutional rights" if the plaintiff shows "an affirmative link between the conduct of the supervisor and that of the employee." Voutor v. Vitale, 761 F.2d at 820.

The complaint form used by the Plaintiff directs him to state the facts of his case and identify how each defendant is involved. See, Complaint at p. 3. The Plaintiff's Complaint, however, contains no allegations of any misconduct on the part of any individual actor. Moreover, the Plaintiff has failed to name an individual actor as a defendant in this matter.

Although the Plaintiff alleges that he has not had access to Russian books or newspapers or a Russian translator, among other allegations, he does not identify an individual or individuals responsible for these supposed deprivations. All the Plaintiff provides in his Complaint is a laundry list of alleged violations, while providing very little detail about the substance of those claims. See, Complaint at p. 3. Thus, the Plaintiff cannot show that there was an individual who believed that his conduct was very likely to result in a constitutional violation to warrant a finding of "arbitrary exercise of the powers of government." Germany v. Vance, 868 F.2d at 18, quoting Daniels v. Williams, 474 U.S. at 331. Nor can the Plaintiff show that there was an affirmative link between the constitutional violation and the action or inaction of the supervisory official. Voutour v. Vitale, 761 F.2d 812, 820 (1st Cir. 1985) cert. denied 474 U.S. 1100 (1986).

### D. AS AN OPERATOR OF A PRIVATE CORRECTIONAL FACILITY, CORNELL CANNOT BE HELD LIABLE UNDER BIVENS

The Sarro Court explicitly held that Cornell Corrections cannot be subject to Bivens liability, because of the Supreme Court's ruling in Correctional Services Corp. v. Malesko, 534 U.S. 61 (2001). In Malesko, the Supreme Court refused to extend Bivens liability to include claims brought against private corrections facility operators by federal detainees. 534 U.S. at 73. The Court further held that to allow such an extension would give detainees in privately operated prisons a right that federal prisoners do not enjoy: the ability to bring a damages action against an entity rather than the individual directly responsible for the alleged harm. Id. at 71. This Court, following Malesko, ruled in Sarro that a detainee at the Donald W. Wyatt Detention Facility cannot sue the facility or the corporation that runs it under Bivens. Here, the Plaintiff is a federal detainee at the privately owned and operated Wyatt facility. To the extent that any of the claims asserted by the Plaintiff allege liability on the part of the Wyatt facility or Cornell under Bivens, these claims should be dismissed.

## III. CONCLUSION

Wherefore, the Plaintiff's claims should be dismissed.

DR. JOHN RIEDEL and
CORNELL CORRECTIONS OF RI, INC.
By their attorneys,

/s/ Dennis T. Grieco II

Dennis T. Grieco II #5057
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644
(401) 331-9304 (fax)
dtg@gsm-law.com

## CERTIFICATION

Vladimir Saykin
Wyatt Detention Center
950 High Street
Central Falls, RI 02863

I hereby certify that on the 30th day of January 2008, a true copy of the foregoing document was served upon the pro se litigant listed above by first-class mail.

/s/ Dennis T. Grieco II