**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

**VLADIMIR SAYKIN**

**v.** **C.A. No. 07 - 182 ML**

**DONALD W. WYATT DETENTION FACILITY**

**REPORT AND RECOMMENDATION**

Jacob Hagopian, Senior United States Magistrate Judge.

Vladimir Saykin, *pro se*, filed a complaint on May 21, 2007 pursuant to 42 U.S.C. § 1983 complaining about the conditions he faced while detained at the Donald W. Wyatt Detention Facility. In his complaint, plaintiff names Donald W. Wyatt Detention Facility ("Wyatt" or the "Wyatt Facility") as the sole defendant (Docket #1). Plaintiff failed to serve summonses and copies of the complaint within the 120 days required by Rule 4(m) of the Federal Rules of Civil Procedure, but satisfied this Court at a show cause hearing that his complaint should not be dismissed and was ordered to effectuate service. In this action he served Cornell Corrections of R.I., Inc. ("Cornell"), a private corporation which operates the Wyatt Facility, and Dr. John Riedel.

Presently before the Court is a motion filed by Cornell and Dr. Riedel to dismiss pursuant to Rule 12 of the Federal Rules of

Civil Procedure for failure to name a legal entity which can be sued, insufficient service of process, and failure to state a claim upon which relief can be granted. Plaintiff has *not* opposed this motion. This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend that the motion of Cornell and Dr. Riedel to dismiss claims against Wyatt, Cornell and Dr. Riedel be **GRANTED**.

**BACKGROUND**

Plaintiff was a detainee lawfully confined to the Wyatt Facility in Central Falls, Rhode Island. As stated above, he filed his complaint on May 21, 2007 naming Wyatt as the sole defendant. In his complaint, plaintiff alleges, *inter alia*, that (i) he lacked an interpreter for legal mail and the law library, as well as access to television and religious services, books and newspapers in his language; (ii) he had been denied requested medical treatment; (iii) he was detained in the same block with serious criminals; and (iv) he had been denied an attorney to represent him in immigration court. Plaintiff makes no allegations against any individual parties nor does he name any specific individual parties. Furthermore, although he indicates that his claims are based on civil rights violations, he fails to

identify the specific constitutional rights allegedly infringed.[1]

As a remedy for the alleged wrong-doing committed against him, plaintiff seeks access to books, newspapers and television in his language; a translator for legal mail and the law library; and three million dollars in damages.

**ANALYSIS**

**I. Wyatt Is Not a Legal Entity That Can Be Sued**

This Court has repeatedly held that Wyatt is the name of a building and not a legal entity that can be sued. *See, e.g.*, Sarro v. Cornell Corrections, Inc., 248 F.Supp.2d 52, 62 n. 2 (D.R.I. 2003); LaCedra v. Donald W. Wyatt Detention Facility, 334 F.Supp.2d 114 (D.R.I. 2004). The First Circuit and another district court have agreed. Girard v. Donald W. Wyatt Detention Facility Inc., 50 Fed.Appx 5, 7 (1st Cir. 2002); Shaw v. Lopez, No. 304CV787WWE, 2004 WL 1396698 (D.Conn. June 17, 2004).

Accordingly, I find that defendants' motion to dismiss the instant claims against Wyatt should be granted, with prejudice.

[1]Plaintiff thereafter sent two letters to the Court, on July 17, 2007 (Docket # 5) and October 24, 2007 (Docket # 7), describing alleged conduct by various named and unnamed officers at the Wyatt Facility and Dr. Riedel occurring after he filed his complaint. Plaintiff maintains that such conduct, including placing him in segregation and confiscating his personal items, was "in retribution for [his] complaint concerning the condition at Wyatt Detention Facility" (Docket # 7). He also states that Dr. Riedel refused to provide him with hepatitis C medicine and forced him to take tuberculosis medication unnecessarily (Docket # 5). However, plaintiff never amended his complaint to incorporate the remarks set forth in these letters, never requested leave from the Court to make such amendments, and did not serve Cornell or any referenced individual with these additional allegations.

I so recommend.

## II. Failure to Name Cornell and Dr. Reidel as Defendants in Complaint

Dr. Riedel also moves for dismissal of plaintiff's claims because plaintiff fails to name him as a defendant in plaintiff's complaint. As discussed below, Dr. Riedel urges that such failure to name him as a defendant caused a failure to comply with Rule 10(a), insufficient service of process, and a lack of personal jurisdiction by the Court over him in this case. For the reasons stated below, I agree with Dr. Riedel with respect to claims against him and find a parallel argument also applies to Cornell.

### A. Failure to Comply with Rule 10(a)

Naming a party in the complaint is "vital" to making such party a defendant. Myles v. United States, 416 F3d 551, 552 (7th Cir. 2005). Rule 10(a) of the Federal Rules of Civil Procedure mandates "the names of all parties must be listed in the caption" of the original complaint, and courts have dismissed claims aimed at parties not so named. *See, e.g.*, Welch v. Sethi, 177 Fed.Appx. 626 (9th Cir. 2006); Fabelo v. Washington County Jail, No. 05-228-ST, 2005 WL 771590 (D.C.Ore. April 3, 2005). Admittedly, many courts consider the body of the complaint to discern the identities of the parties, *see, e.g.*, Rice v.

Hamilton Air Force Base Commissary, 720 F.2d 1082, 1085 (9th Cir. 1983), especially in *pro se* cases, *see, e.g.*, Trackwell v. U.S. Gov't, 472 F.3d 1242, 1243-44 (10th Cir. 2007); Johnson v. Johnson, 466 F.3d 1213, 1215-16 (10th Cir. 2006). *But see, e.g.*, Gilhooly v. Armstrong, 2006 WL 322473 (D.Conn. Feb. 9, 2006)(when *pro se* complaint included references to parties in body of complaint but not in caption, parties not considered defendants in action). However, even when courts look to the body of the complaint, claims against an alleged party may still be dismissed if the pleadings do not clearly name such party as a defendant. *See, e.g.*, National Commodity and Barter Ass'n, National Commodity Exchange v. Gibbs, 886 F.2d 1240, 1245 (10th Cir. 1989).

In this case, even though plaintiff served Cornell and Dr. Riedel, he names only Wyatt in the caption of his complaint. In fact, the complaint is utterly devoid of any references to either Cornell or Dr. Riedel. Accordingly, neither Cornell nor Dr. Riedel is a proper defendant in this case.

**B. Insufficient Service of Process and Lack of Personal Jurisdiction**

In a related matter, Dr. Riedel moves for dismissal claiming insufficient service of process, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, and argues for dismissal for

lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. He bases both theories on plaintiff's failure to name him as a defendant in the complaint.

Once service of process has been challenged, the plaintiff bears the burden of establishing the validity of such service. *See* Rivera-Lopez v. Municipality of Dorado, 979 F.2d 885, 886 (1st Cir. 1992). Here plaintiff has not done so. Rule 12(b)(5) of the Federal Rules of Civil Procedure permits challenges to the mode of the delivery of process, including the delivery of the summons and complaint required by Rule 4 of the Federal Rules of Civil Procedure. Since neither Cornell's nor Dr. Riedel's name is included as a party in the summons and complaint, as required by Rules 4 and 10, respectively, of the Federal Rules of Civil Procedure, the motion to dismiss pursuant to Rule 12(b)(5) under the basis that the wrong party has been served is valid. *See* 5B Charles Allan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353, at 335 (3d ed. 2004).

Further, the Court has previously held that a federal court lacks personal jurisdiction over an alleged defendant if the party has not been served in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See, e.g.,* Rowe v. U.S. Marshals Service, No.CA 04-246T, 2006 WL 1787738 (D.R.I. Jun 26, 2006) (citing Brooks v. Richardson, 478 F.Supp. 793 (S.D.N.Y. 1979)). *See also* Armco, Inc. v. Penrod-Stauffer Bldg. Sys., 733

F.2d 1087, 1089 (4th Cir. 1984)(court can exercise jurisdiction over defendant only if there is valid service of process upon defendant); Lewis v. The West Side Trust and Savings Bank, 36 N.E.2d 573, 574-75 (Ill. 1941)(plaintiff cannot grant the court jurisdiction over the person by having service of a summons and complaint made upon a person not named as defendant in complaint). Similarly, courts have found they lack jurisdiction over unnamed parties since a case has not been commenced with respect to them. *See, e.g.*, W.N.J. v. Yocom, 257 F3d. 1171, 1172 (10th Cir. 2001); Ahmed v. Goldberg, No. 00-0005, 2001 WL 1842398, at *3 (D.N. Mar. 1,2001).

Since, as stated above service of process as to Cornell and Dr. Riedel is insufficient pursuant to Rule 4 of the Federal Rules of Civil Procedure, the Court lacks personal jurisdiction over them with respect to this case.

**C. Plaintiff's Failure to Amend Complaint**

Furthermore, the Court notes that even after the motion to dismiss by Cornell and Dr. Riedel, plaintiff has not attempted to amend his complaint to substitute proper defendants. As discussed above, Wyatt, as a non-legal entity, is clearly the wrong party to sue. Although Cornell operates the Wyatt Facility and Dr. Riedel works there, naming Wyatt is not equivalent to naming Cornell or Dr. Riedel. *See* Wasson v. Riverside County,

237 F.R.D. 423, 424 n. 2 (C.D.Cal. 2006)(merely serving complaint on nonparty does not convert nonparty into a party); Daca Inc. v. Commonwealth Land Title and Insurance Co., 822 S.W.2d 360, 363 (Tex.App.Ct. 1993)(naming and serving wrong defendant who may be related to correct defendant may toll statute of limitation, but does not act to substitute correct defendant for incorrect one).

Additionally, although the Court must view *pro se* complaints liberally, *see* Conley v. Gibson, 255 U.S. 41, 78 S.Ct. 99 (1957), *pro se* litigants are not absolved from compliance with the Federal Rules of Civil Procedure, *see* FDIC v. Anchor Props., 13 F.3d 27, 31 (1st Cir. 1994). The Court cannot act as *pro se's* legal counsel, Pilfer v. Ford, 542 U.S. 225, 231, 124 S.Ct. 2441, 2446 (2004), nor can it *sua sponte* substitute Cornell and Dr. Riedel as defendants in this case. *See* Myles v. United States, 416 F.3d 551, 553 (7th Cir. 2005)(court dismissed claims against individuals not named as defendants in complaint, noting, "it is unacceptable for a court to add litigants on its own motion").

Accordingly, plaintiff's claims against Cornell and Dr. Riedel should be dismissed pursuant to the Federal Rules of Civil Procedure for failure to name Cornell and Dr. Riedel as defendants as required by 10(a), insufficiency of service of process under 12(b)(5), and lack of personal jurisdiction in this case under 12(b)(2).

**III. Failure to State a Claim for Which Relief Can Be Granted**

Cornell also urges that any claims against it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted. However, since, as detailed above, the Court has determined that Cornell's motion to dismiss should be granted on other grounds, the Court need not address this issue.

**CONCLUSION**

For the reasons stated above, I recommend that the motions to dismiss claims against Wyatt, Cornell and Dr. Riedel be granted.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b); LR Cv 72(d). Failure to filed timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986)(*per curiam*); Park Motor Mart, Inc. v Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
April 29, 2008